**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald Ray EMANUEL, Defendant–Appellant.**

**No. 88–7122.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1989.

Decided March 16, 1989.

Rehearing and Rehearing In Banc Denied April 11, 1989.

Benson Barry Weintraub (Benedict P. Kuehne, Sonnett, Sale & Kuehne, P.A., Miami, Fla., on brief), for defendant-appellant.

John Michael Barton, Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief), for plaintiff-appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and MOTZ, District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

On June 20, 1985, Donald Ray Emanuel was sentenced to ten years' imprisonment

and fined $50,000 upon his guilty plea to a charge of conspiracy to possess with intent to distribute cocaine. On August 13, 1987, Emanuel filed a motion to vacate sentence pursuant to 28 U.S.C. Section 2255 on the ground that the sentencing court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) at the sentencing hearing.[1] The District Court, upon the recommendation of a United States Magistrate, denied the motion.

■ We find that Emanuel's Rule 32(c)(3)(D) claim is not properly before us in this Section 2255 proceeding. A violation of that rule can, of course, be challenged on direct appeal. *See, e.g., United States v. Perrera,* 842 F.2d 73 (4th Cir. 1988); *United States v. Hill,* 766 F.2d 856 (4th Cir.), *cert. denied,* 474 U.S. 923, 106 S.Ct. 257, 88 L.Ed.2d 263 (1985). By failing to seek such review of his claim, Emanuel waived it, and he is therefore not being held "in violation of the ... laws of the United States." 28 U.S.C. Section 2255.[2]

■ We have reviewed the record to determine if the sentencing court committed any error which could be deemed to be more than an alleged technical violation of Rule 32(c)(3)(D) and of constitutional dimension. No such error was committed. The only controverted facts which the District Court arguably did not treat in the manner required by Rule 32(c)(3)(D) related to matters as to which the Assistant United States Attorney proffered the government's witnesses would have testified at trial. Emanuel did not assert that this proffer was untrue, i.e. that the government's witnesses would have testified otherwise than as represented. To the contrary, Emanuel's counsel merely stated that as to certain details Emanuel contested the proffered testimony. However, Emanuel himself did not produce any evidence to show that his version of the disputed matters was accurate. Under these circumstances the sentencing court was under no constitutional duty to require the government to present witnesses to support its proffer, and there is nothing in the record to suggest that the sentence imposed by the court constituted an abuse of its discretion.

AFFIRMED.

---

1. The Rule provides in pertinent part as follows: If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

2. Because we find that the Rule 32(c)(3)(D) claim is not properly before us, we need not reconsider, as Emanuel urges us to do, the wisdom of language in *United States v. Hill, supra,* which Emanuel contends can be read as diluting a sentencing court's duty under the Rule to make its findings explicit. *Cf. United States v. Cortez,* 841 F.2d 456 (2d Cir.1988); *United States v. Gomez,* 831 F.2d 453 (3rd Cir. 1987); *United States v. Fry,* 831 F.2d 664, 667 (6th Cir.1987); and *United States v. Bradley,* 812 F.2d 774, 782 (2nd Cir.1987).