917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
OTTO DAVID ALVARADO, a/k/a Fat Pig, Defendant-Appellant.
 No. 90-5655
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Submitted: September 20, 1990
Decided: November 9, 1990
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. N. Carlton Tilley, Jr., District Judge. (CR-89-202-WS)
 E. Raymond Alexander, Jr., Susan Hayes, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Otto David Alvarado pleaded guilty to aiding and abetting the possession of cocaine with intent to distribute and was sentenced to a nine-year prison term. All other counts of a multicount indictment against Alvarado were dismissed in exchange for the plea. Alvarado noted a timely appeal from his nine-year sentence. We affirm.
 
 
 2
 Alvarado's pre-sentence report referred to a California conviction in which he pleaded guilty to possession of money or instrument over $100,000 and received a two-year prison sentence. At the sentencing hearing, defense counsel stated, "Let me bring the court's attention-which will not change the presentence report-but something that came to my attention yesterday late." The attorney then informed the court that police officers involved in the California case had been indicted for stealing some of the money they had confiscated in drug seizures. The attorney continued that the officers had been suspended and that Alvarado's conviction might be dismissed. The attorney stated that a letter to that effect was "on the way" (apparently from California authorities). No such letter was ever entered as evidence in the district court.
 
 
 3
 Appellant stated in his brief that the letter arrived shortly after the sentencing hearing and appended the letter to the brief. Alvarado quotes directly from the letter in his reply brief. In pertinent part, the letter states that some of the evidence presented against him "may have been false and perjurious" and that "[t]his information may materially affect the validity of your conviction in this case." The record on appeal consists of "original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." Fed. R. App. P. 10(a). The letter is not part of the record on appeal and will not be considered by this Court. Even if this Court were to consider the contents of the letter on appeal, it would not affect the validity of Alvarado's guilty plea.
 
 
 4
 The defense made no specific objections to the presentence report. Before the court pronounced sentence, it commented that it would take into account "the cooperation to ... the officers from California, and what effect that could possibly have on the conviction that is shown, the two-year conviction that's shown in paragraph 31 [of the pre-sentence report]." The court then sentenced Alvarado to nine years incarceration, from which he now appeals.
 
 
 5
 Alvarado first contends that the district court failed to either make a specific finding as to a controverted matter or to make a determination that no such finding was necessary because the court did not intend to take the controverted matter into account in sentencing, as required by Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. That rule states that "[i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." A violation of this rule can be challenged on direct appeal. United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).
 
 
 6
 The sentencing transcript discloses that there was no controverted matter for the district court to resolve. The defense attorney did not present the information about the California conviction in the context of a factual dispute, but merely as an informative statement. He stated that the information would "not change the presentence report." If the district court did have a factual dispute before it, the court resolved it in Alvarado's favor.
 
 
 7
 Alvarado next asserts that pre-Guidelines defendants such as he are subjected in the prison system to the same standards of release that are imposed on inmates who are sentenced under the Sentencing Guidelines. He continues that his right to due process may be compromised "if the Bureau of Prisons willfully or inadvertently misapplies or ignores the information given to it regarding defendant's parole eligibility." This is not a justiciable claim on direct appeal. Habeas corpus relief under 28 U.S.C. Sec. 2241 is the appropriate remedy for any prisoner who attacks the duration of physical confinement and the writ is available to obtain future as well as immediate release. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). The writ may be issued only by a court having jurisdiction over the person holding Alvarado in custody. 28 U.S.C. Sec. 2241(a).
 
 
 8
 For these reasons, we affirm the district court's sentence.
 
 AFFIRMED