976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Clifton HENRY, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Clifton HENRY, Defendant-Appellant.
 No. 91-7651, 91-7661.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 21, 1992
Decided: October 7, 1992
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-105-JH, CA-91-1635-JH)
 Clifton Henry, Appellant Pro Se.
 David Paul King, Hogan & Hartson, Baltimore, Maryland, for Appellee.
 D.Md.
 No. 91-7651 Dismissed and No. 91-7661 Affirmed.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Clifton Henry appeals from two orders of the district court which denied his Motion to Modify Sentence (No. 91-7651) and summarily refused relief under 28 U.S.C. § 2255 (1988) (No. 91-7661). Our review of the record and the district court's orders discloses, first, that Henry noted his appeal in No. 91-7651 outside the ten-day appeal period established by Fed. R. App. P. 4(b) and failed to move for an extension of the appeal period within the additional thirty-day period provided. We are therefore without jurisdiction over the appeal. It will be dismissed. Second, our review discloses that the appeal in No. 917661 is without merit. It will be affirmed.
 
 
 2
 Henry pled guilty to mail fraud (18 U.S.C.A. §§ 1341, 2 (West 1984 & Supp. 1991)) and tax evasion (26 U.S.C. § 7201 (1988)). He now seeks resentencing, and claims that both his sentence and parole guidelines* are more severe than they should be because the presentence report contains serious errors concerning the extent of his involvement in the offense which were not brought to the attention of the sentencing court by his attorney, whose performance he claims was ineffective. He also maintains that the district court's resulting failure to make findings of fact on the allegedly controverted matters violated due process.
 
 
 3
 To the extent that Henry is claiming that the district court violated Fed. R. Crim. P. 32(c)(3)(D), the claim is waived because it was not raised in a direct appeal. United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). His claim of ineffective assistance is without merit because all the information Henry wished to have brought to the sentencing court's attention was contained in the presentence report and its attachments. The only factual matter which was conceivably controverted was whether Henry had knowingly committed the offense; he maintained that he believed his actions were entirely legal. However, that matter was decided by his guilty plea, which he did not seek to withdraw. No further finding by the district court was necessary.
 
 
 4
 We therefore affirm the order of the district court in No. 91-7661 and dismiss the appeal in No. 91-7651 for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 No. 91-7651-DISMISSED No. 91-7661-AFFIRMED
 
 
 *
 Because the offenses were completed before November 1, 1987, the federal sentencing guidelines do not apply