991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gulzari Lal GOSAIN, Defendant-Appellant.
 No. 92-6356.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 28, 1992
Decided: February 19, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-90-378-S, CA-92-627-S)
 Robert M. Price, MURRAY & PRICE, Washington, D.C., for Appellant.
 Richard D. Bennett, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gulzari Lal Gosain appeals the district court's order denying his Petition to Correct Mistaken Application of United States Sentencing Guidelines pursuant to 28 U.S.C. § 2255 (1988). We affirm.
 
 
 2
 Gosain sold heroin to a confidential informant and to an undercover agent, making five sales in all. He was charged with five counts of distribution and pled guilty to Count Three. Before accepting his guilty plea, the district court conducted a thorough hearing as required by Fed. R. Crim. P. 11. It inquired into Gosain's command of English, read through the plea agreement and went over the factual basis for all five counts, informed Gosain that the maximum penalty was twenty years, and made clear to Gosain that his sentence would be imposed according to the sentencing guidelines and that the sentence would not be known until after the presentence report was prepared and various determinations made. The judge pointed out that the base offense level for the total amount of heroin Gosain sold was twentysix. Gosain assured the court that no promises outside the plea agreement had induced his guilty plea.
 
 
 3
 At his sentencing, an adjustment for acceptance of responsibility reduced Gosain's offense level to twenty-four. The district court imposed a sentence of fifty-one months, the lowest point of the guideline range, but declined to depart below the range.
 
 
 4
 Gosain did not appeal, but over a year later filed a motion under § 2255 alleging that he had pled guilty in reliance on his attorney's promise of a thirty-month sentence and had not realized that conduct outside the count of conviction would be used to determine his sentence. He claimed that his attorney was ineffective in failing to secure a more favorable agreement, and that the district court had failed to establish that his plea was informed and voluntary. He did not seek to withdraw his plea, but asked that his sentence be reduced. The district court denied the motion without a hearing.
 
 
 5
 The district court lacked authority to reduce Gosain's sentence. United States v. Apple, 962 F.2d 335 (4th Cir. 1992). However, Gosain's contentions principally attack the validity of his guilty plea. A defendant may obtain relief from a guilty plea by showing that his attorney was incompetent and that "there is a reasonable possibility that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 55 (1985). There is no alleged or apparent error in the sentence imposed here, nor does Gosain demonstrate how his attorney might have negotiated a shorter one.
 
 
 6
 An attorney's false promise of a particular sentence may be ineffective assistance resulting in an invalid plea. United States v. Marzgliano, 588 F.2d 395 (3d Cir. 1978). But Gosain's claim that his attorney specifically promised him a thirty-month sentence is not supported by any evidence such as affidavits, and is undermined by his representations in the plea colloquy where he assured the court that he understood the maximum sentence he might receive and was not relying on any promises outside the plea agreement. See Blackledge v. Allison, 431 U.S. 63, 75 (1977); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). In addition, this Court has held that an attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case. United States v. Lambey, 974 F.2d 1389 (4th Cir. 1992) (in banc). The district court correctly denied relief on this ground.
 
 
 7
 The record of the plea colloquy shows that the district court explained the factual basis in detail to Gosain, who had the opportunity to respond, and informed him of the maximum possible penalty. The court was not required to provide information about the applicable guideline range before accepting Gosain's plea, DeFusco, 949 F.2d at 119, and its failure to do so does not call into question the validity of the plea.
 
 
 8
 The sentencing court's decision not to depart on either of the grounds urged at sentencing is not reviewable on direct appeal, United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990), or cognizable in a § 2255 motion. United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). Therefore, the district court properly did not consider this claim.
 
 
 9
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED