8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lloyd WATSON, Defendant-Appellant.
 No. 92-6763.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 11, 1993.
Decided: October 21, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville.
 Donald Lloyd Watson, Appellant Pro Se.
 Jerry Wayne Miller, Office of the United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before RUSSELL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Following a guilty plea, Donald Lloyd Watson was convicted on one count of conspiracy to possess with intent to distribute and distribution of thirty kilograms of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1) & 846 (West 1981 & Supp. 1993). The district court sentenced him to six years in prison and five years of supervised release, in accordance with the government's recommendation. Watson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (1988), asserting four claims. The district court adopted the magistrate judge's recommendation and dismissed Watson's motion. We find three of Watson's claims to be without merit, but conclude that the district court improperly dismissed Watson's claim concerning Fed. R. Civ. P. 32(c)(3)(D). Consequently, we affirm in part, vacate in part, and remand the case to the district court to make the necessary findings under Rule 32(c)(3)(D).
 
 
 2
 In February 1988, a grand jury handed down an eight count indictment against numerous individuals charged in a drug conspiracy. Watson was charged in three counts of this indictment. Pursuant to a plea agreement, he pled guilty to the conspiracy count and the government agreed to recommend dismissal of the remaining counts against him. The trial court sentenced Watson to six years in prison, five years of supervised release, and a $6000 fine.
 
 
 3
 Watson did not pursue a direct appeal of his conviction; instead he filed an unsuccessful Fed. R. Crim. P. 35 motion for correction or reduction of his sentence. He then filed this § 2255 motion. On appeal, he challenges the district court's dismissal of all his claims.
 
 
 4
 I. Failure to Comply with Fed. R. Crim. P. 32(c)(3)(D)
 
 
 5
 Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure provides a means for a defendant to ensure that his presentence investigation report ("PSI" or "report") is factually accurate and that a record of the resolution of disputed facts is available:
 
 
 6
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 7
 Watson's objections to portions of the presentence report are listed in an addendum to the report. Among other objections, Watson denied that he " 'coordinated the transportation of the cocaine around security at the airport' or that he was 'a middle man between Comer and the suppliers.' " The trial court failed to either make a finding as to the controverted matters in the PSI or a determination that no such finding was necessary.
 
 
 8
 Citing United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989), the district court held that Watson waived this claim by not raising it on direct appeal. In this Circuit, a defendant waives most nonconstitutional Rule 32 errors by failing to raise them on direct appeal. Emanuel, 869 F.2d at 796. However, a district court's failure to append findings about disputed portions of the presentence report can be raised in a § 2255 motion. See United States v. Miller, 871 F.2d 488, 489 & n.1 (4th Cir. 1989). Because the district court failed to make a determination as to the controverted matter, and therefore did not append its findings to the PSI, we vacate the district court's order dismissing this claim, and remand so that the district court can make a determination, reduce it to writing, and direct the probation officer to attach the written findings to the PSI. See Miller, 871 F.2d at 489.
 
 II. Other Claims
 
 9
 Watson claims that he was denied due process because his sentence was based on erroneous information in the PSI that he was a "middle man between [co-conspirator] Comer and the suppliers" and that he "coordinated the transportation of the cocaine around security at the airport." Due process forbids reliance on materially false or unreliable information in imposing sentence. Townsend v. Burke, 334 U.S. 736, 741 (1948). To obtain post-judgment relief on due process grounds, the defendant bears the burden of showing that the information is false or unreliable and that the sentencing judge relied on it. United States v. Rachels, 820 F.2d 325, 327-28 (9th Cir. 1987); United States v. Tooker, 747 F.2d 975, 978 (5th Cir. 1984), cert. denied, 471 U.S. 1021 (1985); cf. Emanuel, 869 F.2d at 796 (sentencing proceedings did not violate due process where defendant contested certain details of government's proffer but did not produce evidence to show his version of disputed matters was accurate). Even though the absence of any findings by the district court on the controverted matters in the PSI prevents a determination of whether the court relied on those matters, we find that the district court properly dismissed this claim because Watson failed to show that the controverted information is false or unreliable.
 
 
 10
 Next, Watson argues that he was denied effective assistance of counsel at the sentencing stage of the criminal proceedings. Specifically, Watson complains that counsel failed to ask the court to make a determination on the controverted matters in the PSI and to append a copy to the report, pursuant to Fed. R. Crim. P. 32(c)(3)(D), and failed to argue that he was a minimal participant. (R. 27).
 
 
 11
 The Supreme Court established a two prong test for determining whether a defendant received ineffective assistance of counsel. First, the petitioner must show that his attorney's performance failed to meet an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Second, the petitioner must show that but for his lawyer's inadequacies, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. If it is easier to dispose of an ineffective assistance claim on lack of prejudice, a court may bypass consideration of the attorney's performance. Id. at 697.
 
 
 12
 Watson was not prejudiced by counsel's failure to object to the district court's noncompliance with Rule 32(c)(3)(D) or his failure to argue that Watson was a minimal participant. Under the United StatesSentencing Commission, Guidelines Manual (Nov. 1992), the guidelines range for Watson's crime of conviction (conspiracy with intent to distribute and distribution of thirty kilograms of cocaine) was 121 to 151 months in prison and the maximum sentence under 21 U.S.C.A. § 841(a)(1) was twenty years to life in prison. However, pursuant to the plea agreement, Watson was sentenced only to six years in prison. The smallest sentence Watson could have received if he was found to be a minimal participant was seventy-eight months in prison. Because Watson's sentence was lower than the lowest sentence he would have received under the guidelines, we find that the district court properly dismissed this claim.
 
 
 13
 Finally, Watson claims that his sentence is disproportionately high in comparison to the sentences imposed on his co-conspirators. District courts are not required to compare the relative harshness of the sentences imposed on co-defendants. See United States v. Foutz, 865 F.2d 617, 622 (4th Cir. 1989); cf. United States v. Guglielmi, 819 F.2d 451, 457 (4th Cir. 1987) (where sentence is less than life in prison, no review of proportionality of sentence to crime is required), cert. denied, 484 U.S. 1019 (1988). The district court did not err by denying relief on this claim.
 
 Conclusion
 
 14
 Failure to comply with the Fed. R. Crim. P. 32(c)(3)(D) requirement that the trial court must append to the PSI its findings as to controverted matters in the report is reviewable in § 2255 actions. Because the trial court failed to make such findings in this case, we vacate the district court's order dismissing Watson's claim on this count and remand to the district court for further action consistent with this opinion. We affirm the district court's dismissal of Watson's other claims. We deny Watson's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED