8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben Dario LONDONO, a/k/a Antonio Londono, a/k/a Tony,
a/k/a Tony Tew, a/k/a Alex, a/k/a Sammy,
Defendant-Appellant.
 No. 93-6523.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 27, 1993.
Decided: October 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.
 Ruben Dario Londono, Appellant Pro Se.
 Rocco Joseph deGrasse, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ruben Dario Londono, a federal prisoner incarcerated in Florida, filed a 28 U.S.C. § 2255 (1988) motion with the sentencing court claiming that it had violated Fed. R. Crim. P. 32(c)(3)(D) by not appending its findings about the disputed portions of the presentence report to the report, and also claiming that the Parole Commission consequently had improperly considered those disputed portions. The court construed the motion as one challenging the execution of a federal sentence under 28 U.S.C. § 2241 (1988), and dismissed on the grounds that § 2241 motions are properly brought only in the district of confinement. Because we find that the part of Londono's motion challenging the sentencing court's failure to append its findings was properly brought as a § 2255 motion, we vacate the district court's judgment as to that part, and remand. The judgment is affirmed in all other respects.
 
 
 2
 A defendant waives most Rule 32(c)(3)(D) errors not amounting to constitutional violations by failing to raise them on appeal. United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989). This court has, however, recognized a narrow exception to the Emanuel rule: A district court's failure to append findings about the disputed portions of the presentence report can be raised collaterally in a § 2255 motion. See United States v. Miller, 871 F.2d 488, 489 & n. 1 (4th Cir. 1989) (assuming claim for failure to append stated cognizable § 2255 claim and remanding to the district court with instructions to append); United States v. Siers, No. 90-7073 (4th Cir. June 28, 1991) (explicitly recognizing exception). See also United States v. Gattas, 862 F.2d 1432, 1433-34 & n. 4 (10th Cir. 1988) (recognizing exception, noting that a court's failure to make findings under Rule 32(c)(3)(D) is apparent at the time of sentencing, and can therefore be raised on appeal, but that a failure to append is not readily discernible until later).
 
 
 3
 Motions brought under § 2255 are properly filed in the district court which imposed sentence, rather than in the district of confinement. Barden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Consequently, to the extent that Londono'ss 2255 motion challenged the district court's failure to append its findings to the presentence report, it was properly brought in the Eastern District of North Carolina where he was sentenced.
 
 
 4
 In this case, the record shows that the sentencing judge listened to Londono's objections to the presentence report, determined not to take certain disputed portions of the report into account, and indicated that he would sign a certificate on the report to that effect. However, the record presented to us does not show whether a copy of these determinations, or a copy of the hearing transcript, was appended to the presentence report. Accordingly, we vacate the dismissal and remand this case to the district court for any necessary compliance with the appending requirement.
 
 
 5
 To the extent that Londono's motion raised other claims, in particular any challenge to the computation or execution of his sentence, or request for relief against the Parole Commission, we affirm on the reasoning of the district court.
 
 
 6
 Appellant Londono is granted leave to proceed in forma pauperis. For the reasons stated herein, we affirm in part, vacate in part, and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED