73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward BANE, Defendant-Appellant.
 No. 93-6396.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 28, 1995.
Decided Dec. 7, 1995.
 
 ARGUED: Marcy Alice Greene, Third Year Law Student, Appellate Advocacy Clinic, Washington College of Law, THE AMERICAN UNIVERSITY, Washington, D.C., for Appellant. William David Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellee. ON BRIEF: Edward M. Chikofsky, Appellate Advocacy Clinic, Washington College of Law, THE AMERICAN UNIVERSITY, Washington, D.C., for Appellant. Elgine Heceta McArdle, Special Assistant United States Attorney, Patrick M. Flatley, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Edward Bane (Bane) appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 * From February 1987 through March 1988, Bane organized and operated a fraudulent business enterprise named Paradise Vacations (Paradise Vacations). During this time, Bane sold thousands of vacation certificates to telemarketers and other businesses that marketed the certificates to the general public. The certificates entitled the bearers, after paying a registration fee to Paradise Vacations, to vacations arranged by Paradise Vacations. Bane received $195,248 as proceeds from the fraudulent business enterprise, while the bearers of the certificates, with few exceptions, received nothing.
 
 
 3
 On November 18, 1988, Bane was indicted on three counts of mail fraud, 18 U.S.C. Sec. 1341, and twenty-two counts of wire fraud, 18 U.S.C. Sec. 1343, in connection with his devising and marketing the fraudulent vacation certificates. Count one of the indictment described in detail the entire scheme to defraud, which commenced in February 1987 and ended in March 1988. The remaining counts of the indictment realleged the scheme to defraud contained in count one through incorporation by reference and alleged a specific mailing or telephone conversation forming the basis of mail or wire fraud.
 
 
 4
 Bane pled guilty to count three of the indictment (mail fraud on January 8, 1988). In exchange for Bane's plea, the government dismissed the remaining counts. Although reference was made to restitution both in the maximum fine paragraph of the plea agreement and in a stipulation within the plea agreement, the government did not make payment of the loss attributable to the scheme to defraud, $195,248, an explicit condition of Bane's plea agreement.
 
 
 5
 On March 23, 1990, the district court sentenced Bane to four years' imprisonment, followed by a term of supervised release of three years. The district court also ordered Bane to pay $195,248 in restitution. The record is unclear whether the district court ordered restitution as part of Bane's sentence or as a condition of his supervised release.[1]
 
 
 6
 Bane appealed his sentence to this court. Bane argued that the district court erred when it increased his offense level for his role in the offense and denied him a reduction for acceptance of responsibility. Bane did not challenge the district court's order of restitution. In an unpublished decision, we affirmed Bane's sentence. United States v. Bane, No. 90-5779 (4th Cir. November 30, 1990).
 
 
 7
 On August 5, 1992, Bane filed a motion to correct his sentence pursuant to 28 U.S.C. Sec. 2255, contending: (1) under the Supreme Court's decision in Hughey v. United States, 495 U.S. 411 (1990) (decided May 21, 1990), the district court could not order restitution for the loss of the entire scheme to defraud, but rather only for the loss caused by count three to which he pled guilty, and (2) the district court, in ordering restitution, failed to make the findings required by our decision in United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). The district court denied Bane's Sec. 2255 motion, and he appeals.
 
 II
 
 8
 Bane contends he is entitled to relief under Sec. 2255 because the district court erred in ordering restitution in the amount of $195,248, the entire amount of the loss generated by the scheme to defraud. For two reasons, Bane's contention lacks merit.
 
 
 9
 Initially, we note this nonconstitutional claim is not cognizable under Sec. 2255 because Bane could have raised it on direct appeal, but did not. The claim is therefore waived, Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Emanuel, 869 F.2d 795, 796 (4th Cir.1989) (claim that sentencing court did not comply with Fed.R.Crim.P. 32 waived where not raised on direct appeal), unless Bane can establish cause for his failure to raise the claim before the district court and prejudice flowing from the error, United States v. Maybeck, 23 F.3d 888, 891 (4th Cir.1994) (failure to make contemporaneous objection at trial requires the establishment of cause and prejudice in Sec. 2255 proceeding). Because Bane has not demonstrated cause for his failure to raise this claim on direct appeal, his claim fails.[2]
 
 
 10
 In any event, the claim fails on the merits. Prior to its amendment in 1990, see Pub.L. No. 101-647, Sec. 2509, 104 Stat. 4789, 4863, the VWPA provided that a district court could order "a defendant convicted of an offense" to pay restitution to "any victim of such offense." 18 U.S.C. Sec. 3663(a)(1). In Hughey, the defendant was charged with three counts of theft by a United States Postal Service employee and three counts of unauthorized use of credit cards. The defendant pled guilty to one count of unauthorized use of a credit card; in exchange, the government dismissed the remaining counts. The order of restitution included losses caused by the other counts. The Supreme Court reversed, concluding "that the loss caused by the [specific] conduct underlying the offense of conviction establishes the outer limits of a restitution order." Hughey, 495 U.S. at 420.
 
 
 11
 The circuit courts are split on Hughey 's application to cases involving a scheme to defraud, such as mail fraud. Some circuit courts have held that the "offense of conviction" is the particular mailing or mailings to which the defendant pled guilty to or was convicted. See United States v. Cronin, 990 F.2d 663, 666 (1st Cir.1993); United States v. Streebing, 987 F.2d 368, 374-76 (6th Cir.1993); United States v. Seligsohn, 981 F.2d 1418, 1421 (3d Cir.1992), cert. denied, 115 S.Ct. 920 (1995); United States v. Stone, 948 F.2d 700, 703-04 (11th Cir.1991); United States v. Wainwright, 938 F.2d 1096, 1097-98 (10th Cir.1991). In contrast, other circuit courts have held that the "offense of conviction" includes the entire scheme. See United States v. Welsand, 23 F.3d 205, 207 (8th Cir.), cert. denied, 115 S.Ct. 641 (1994); United States v. Stouffer, 986 F.2d 916, 928-29 (5th Cir.), cert. denied, 114 S.Ct. 115 (1993); United States v. Turino, 978 F.2d 315, 317 (7th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993).[3]
 
 
 12
 We have closely examined these cases and understand the views expressed by each side on this close issue. But we are ultimately persuaded by the reasoning of the courts that have held that the "offense of conviction" embraces the entire scheme because:
 
 
 13
 the scheme is an element of the offense of mail fraud, a conviction for mail fraud can support a conviction for a broad scheme even though the defendant is not specifically convicted for each fraudulent act encompassed within this scheme. And [our] decisions indicate that it is appropriate to look to the indictment as an indication of the scope of the scheme. Moreover, considering that the scheme is also an element of the offense of wire fraud under 18 U.S.C. Sec. 1343, the same can be said for convictions for wire fraud.
 
 
 14
 Turino, 978 F.2d at 319.
 
 
 15
 Applying this analysis, the district court's order was not incongruous with Hughey. Bane's indictment describes in detail the duration of the scheme (February 1987 through March 1988), the methods used, and the acts performed to facilitate the scheme to defraud. The acts composing the scheme to defraud constituted the "conduct underlying the offense of conviction" and established "the outer limits of [the] restitution order." Hughey, 495 U.S. at 420. Accordingly, we reject Bane's contention that the district court erred in ordering restitution in the amount of the loss generated by the entire scheme to defraud, $195,248.
 
 III
 
 16
 Bane also argues that the district court erred when it failed to make specific findings of fact as to his ability to pay restitution. See 18 U.S.C. Sec. 3664(a); Bruchey, 810 F.2d at 459; (restitution under predecessor to Sec. 3664); see also United States v. Piche, 981 F.2d 706, 718 (4th Cir.1992), cert. denied, 113 S.Ct. 2356 (1993). This nonconstitutional claim is also not cognizable under Sec. 2255 because Bane could have raised it on direct appeal, but did not. Therefore, the claim is waived, Stone, 428 U.S. at 477 n. 10; Emanuel, 869 F.2d at 796, absent a showing of cause or prejudice. Maybeck, 23 F.3d at 891. Because Bane has not demonstrated cause for his failure to raise this claim on direct appeal, his claim must fail.
 
 IV
 
 17
 For the reasons stated herein, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Whether the district court ordered restitution as part of Bane's sentence or as a condition of his supervised release is irrelevant for purposes of the application of the Victim Witness Protection Act of 1982 (VWPA), 18 U.S.C. Secs. 3663, 3664 (amended 1990) (formerly 18 U.S.C. Secs. 3579, 3580). The VWPA applies to both situations. See United States v. Webb, 30 F.3d 687, 689 (6th Cir.1994); Gall v. United States, 21 F.3d 107, 109-10 (6th Cir.1994)
 
 
 [2]
 Bane had ample opportunity to raise the Hughey issue on direct appeal to this court. Hughey was decided almost five months before his direct appeal was argued
 
 
 [3]
 In 1990, Congress amended the VWPA in favor of broad restitution. See Pub.L. No. 101-647, Sec. 2509, 104 Stat. 4789, 4863. Section Sec. 3663(a)(2) now provides that a victim of an offense that includes a scheme to defraud includes "any person harmed by the defendant's criminal conduct in the course of the scheme."