**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-6322

CARL ALLEN WARMACK,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-86-28-R, CA-95-239-R)

Submitted: December 31, 1996

Decided: February 4, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Carl Allen Warmack, Appellant Pro Se. Thomas Jack Bondurant, Jr.,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carl Allen Warmack, a federal prisoner, was sentenced on February 4, 1987, based upon his participation in a drug importation conspiracy. At his sentencing hearing, Warmack's counsel objected to the probationer officer's assessment in the presentencing investigation report (PSR) that he had an ongoing relationship with the conspiracy's leaders prior to the Government's investigation beginning in November 1985, thereby indicating that Warmack's role in the conspiracy was more extensive. Rather than making a finding as to the accuracy of the probation officer's assessment or a determination that no finding was necessary (because the controverted matter would not be taken into account in sentencing) the district court specifically declined to make a factual finding on the matter stating, "Well, this is just the probation officer's assessment, and I'm going to let it stand as is."

In his motion under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, Warmack alleges that the district court erred by failing to comply with Fed. R. Crim. P. 32(c)(3)(D) and that his counsel was ineffective for failing to raise this issue in his direct appeal. For the reasons that follow we affirm in part, vacate in part, and remand.

Rule 32(c)(3)(D)* of the Federal Rules of Criminal Procedure provides a means for a defendant to ensure that his PSR is factually accurate and that a record of the resolution of disputed facts is available:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such

_____

*Because the crime was committed prior to November 1, 1987, we refer to the former Rule 32(c)(3)(D), as it existed prior to amendment by Pub. L. 98-473.

2

finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

A defendant waives most nonconstitutional Rule 32 errors by failing to raise them on direct appeal. United States v. Emmanuel, 869 F.2d 795, 796 (4th Cir. 1989). However, a district court's failure to append findings about disputed portions of the presentence report can be raised in a § 2255 motion. See United States v. Miller, 871 F.2d 489-90, n.1 (4th Cir. 1989). In Miller, the defendant filed a motion in the district court five months after judgment was entered against him, claiming that the court failed to append to the PSR a written determination that it would not take a controverted matter into account at sentencing. Id. This court construed the defendant's motion as a properly filed § 2255 motion and remanded the case to the district court to append its written determination in accordance with Rule 32. Id.

Because the trial court failed to make such findings in this case, we vacate the district court's order dismissing Warmack's claim and remand it to the district court so that it can make a determination, reduce it to writing, and attach the written findings to the PSR. Fed. R. Crim. P. 32(c)(3)(D); Miller, 871 F.2d at 489. Because we have granted Warmack relief on his Rule 32 claim, we affirm the district court's dismissal of his ineffective assistance of counsel claim based on a failure to show prejudice. See Strickland v. Washington, 466 U.S. 668, 697 (1984) (if it is easier to dispose of an ineffective assistance claim on lack of prejudice, a court may bypass consideration of the attorney's performance). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

3