**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 96-7780

BERNADELL MANAGO, a/k/a Heaven,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-91-14-F, CA-96-720-5-F)

Submitted: May 30, 1997

Decided: June 18, 1997

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Bernadell Manago, Appellant Pro Se. Bruce Charles Johnson,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant seeks to appeal the district court's order denying her motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). Pursuant to a plea agreement, Appellant pled guilty in 1991 to conspiracy to distribute crack cocaine. She appealed her sentence to this court and we affirmed. United States v. Ellis , 975 F.2d 1061 (4th Cir. 1992).

Appellant first contends that she should have received an additional one point reduction in her base offense level for acceptance of responsibility, and an additional reduction because she was a minor participant. Non-constitutional claims such as these, however, which could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989). These claims were therefore properly dismissed.

Appellant next maintains that she should have received a downward departure in sentencing for serious coercion and duress. The record discloses, however, that Appellant did in fact receive such a departure. This contention is thus also meritless. Appellant also asserts that the actual amount of drugs should have been used to calculate her base offense offense level. A review of our opinion in Ellis reveals that we already considered and rejected this contention. We therefore will not reconsider the issue on collateral review. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Appellant next claims that her attorney was ineffective because his office was too far away from where she was incarcerated and because he never informed her of her right to appeal. After a close review of the record, we find this claim to be without merit because Appellant cannot show that her attorney was incompetent. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984); see also Hill v. Lockhart, 474 U.S. 52 (1985). Moreover, absent extraordinary circumstances, a defendant pleading guilty need not be informed of the right to appeal. See Carey v. Leverette, 605 F.2d 745, 746 (4th Cir. 1979).

Appellant also contends that she was never informed at her sentencing hearing of the right to appeal pursuant to Fed. R. Crim. P. 32(a)(2), and that she should have been given her own unconsolidated appeal of right. As the record demonstrates that Appellant did appeal on numerous grounds which were fully addressed by this court, we find these claims to be meritless.

Finally, Appellant maintains that her rights under the Speedy Trial Act were violated because of the length of time that passed from the time she was taken into custody and then indicted. This claim lacks merit, however, because the failure to move for dismissal on this basis prior to trial or a plea of guilty constitutes a waiver of that right under the Act. 18 U.S.C. § 3162(a)(2) (1994).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3