**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-6151

FRANKLIN NORRES JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-96-2757-3-19)

Submitted: July 29, 1997

Decided: September 30, 1997

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Franklin Norres Jones, Appellant Pro Se. Mark C. Moore, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Franklin Norris Jones appeals from the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). For the following reasons, we affirm.

Jones pled guilty to operating a continuing criminal enterprise, in violation of 21 U.S.C.A. § 848 (West Supp. 1997); possessing with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g) (1994). Based on a total offense level of forty and a Criminal History Category V, Jones's guideline range was 360 months to life imprisonment. Jones did not make any objections to the presentence report. The sentencing court granted the Government's motion for a downward departure based on his testimony in another case. The court sentenced Jones to 336 months incarceration. Subsequent to his sentencing, Jones testified in another case. The Government moved to further reduce Jones's sentence pursuant to Fed. R. Crim. P. 35(b). The sentencing court reduced Jones's sentence to 216 months incarceration.

In this habeas motion, Jones first claims that because the statutorily mandated minimum sentence applicable to his conviction for operating a continuing criminal enterprise is twenty years, he should automatically receive the minimum sentence and his reductions should have begun at twenty years. See 21 U.S.C.A.§ 848(a). Jones waived this claim because it is a nonconstitutional claim that he did not raise at sentencing or on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989). In any event, Jones's claim is meritless because his sentence is within his guideline range and it is above the statutorily mandated minimum sentence and below the statutorily mandated maximum sentence. See § 848(a); United States Sentencing Commission, Guidelines Manual § 5G1.1 (Nov. 1994).

Jones next claims that the drug quantities attributed to him in the presentence report were erroneous because there was a lack of proof that he had "any direct involvement in the distribution" of the amount

2

of cocaine attributed to him or that he "physically possessed" the drugs. Again, Jones waived this claim because it is a nonconstitutional claim that he did not raise at sentencing or on direct appeal. See Powell, 428 U.S. at 477 n.10; Emanuel, 869 F.2d at 796. Moreover, Jones's claim is meritless. District courts may take "relevant conduct" into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See USSG § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). In drug offenses where the defendant is acting in concert with others, his relevant conduct includes all of his own acts and reasonably foreseeable acts of others which were part of the same course of conduct or common scheme or plan as the offense of conviction. See USSG § 1B1.3(a)(2); United States v. Irvin, 2 F.3d 72, 77 (4th Cir. 1993). Thus, it is irrelevant that Jones did not have direct involvement in or physically possess the amount of drugs attributed to him at sentencing.

Lastly, Jones claims that his counsel was ineffective for failing to raise the above claims. Because these claims are meritless, Jones was not prejudiced by his counsel's failure to raise them. Thus, he has not established ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Jones also claims that his counsel was ineffective for failing to move for a continuance until after November 1, 1994, so that he could benefit from the 1994 amendments to the guidelines. However, the record reveals that Jones's sentencing was held in March 1995. Thus, Jones has failed to establish prejudice. Id.

Accordingly, we affirm Jones's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3