**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 99-7667

WALTER A. SCHULTE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-95-17)

Submitted: August 29, 2000

Decided: September 26, 2000

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter A. Schulte, Appellant Pro Se. Karen Breeding Peters, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Walter Schulte filed a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), challenging his conviction and sentence for charges arising from the theft and interstate transportation of heavy construction equipment. The district court denied relief, and Schulte timely appealed.*

In his informal brief to this Court, Schulte first claims that the search warrant issued to authorize the search of his home was invalid. Specifically, Schulte attacks the veracity of the statements made in the warrant application affidavit, and states his conclusory belief that the officers executing the warrant acted in bad faith.

Once a litigant is provided a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in law. See Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974). The record reflects that Schulte was given a full and fair opportunity to litigate this claim at trial. Accordingly, Schulte cannot re-litigate this claim in a§ 2255 motion. See Wright v. Wainwright, 537 F.2d 224, 226 n.4 (4th Cir. 1976).

Schulte also claims that his conviction was a product of various instances of prosecutorial misconduct. In his informal brief, Schulte claims that he was improperly impeached at trial when the Government questioned him about false statements on a gun permit and the affidavit he submitted to obtain court-appointed counsel. He further asserts that the Government used "false statements" in evidence. Schulte raised, and this court considered, all of these claims in his direct appeal. United States v. Schulte, No. 96-4758, 1998 WL 77851, **2 (4th Cir. Feb. 24, 1998) (unpublished). Therefore, Schulte cannot

_____

*Schulte's original filing was filed as a 28 U.S.C.§ 2241 (1994) petition in the Southern District of New York. The district court for the Southern District of New York liberally construed the petition as a motion pursuant to § 2255 and transferred the motion to the district court for Western District of Virginia.

2

re-litigate this claim in a § 2255 motion. See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989); Boekenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Schulte next claims that he was denied a fair trial when the trial judge allegedly made prejudicial comments and attended a social dinner with his trial counsel during his trial. Although Schulte could have raised these claims on direct appeal to this Court, he failed to do so. Therefore, he may not advance the claim in a § 2255 motion. See Emanuel, 869 F.2d at 796.

Schulte's remaining claims involve his allegations that his trial attorney was constitutionally ineffective at various stages in the trial. To establish a claim of ineffective assistance of counsel, Sutton must prove that his counsel's performance was unconstitutionally deficient, and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the prejudice prong of Strickland, the reviewing court considers whether the claimed ineffectiveness was so acute as to render the proceeding fundamentally unfair or unreliable. Strickland, 466 U.S. at 694. Moreover, Schulte must overcome the strong presumption that any action taken by counsel "might be considered sound trial strategy." Id. at 689.

Schulte first claims that counsel was ineffective for not informing him about the pending introduction into evidence of certain audiotapes which allegedly contained hearsay statements about Schulte's lifestyle and behavior. As the district court correctly found, the record reflects that Schulte's counsel moved to limit admission of the tapes to those portions played in the courtroom. Moreover, Schulte's counsel explained that in his estimation, even if the jury heard the tapes in their entirety, no incriminating evidence was contained on them. Schulte has therefore failed to demonstrate how he was prejudiced from counsel's failure to inform him certain audiotapes would be played to the jury.

Schulte next claims that counsel was ineffective in failing to communicate plea offers to him. As counsel reasonably explained, Schulte was informed about the possibility of plea offers at several times throughout the trial, but insisted he was innocent, and would take a

3

plea only to a misdemeanor resulting in no time served. Further, Schulte's testimony at trial reflects that he continued to deny any criminal responsibility with respect to the thefts. Consequently, Schulte cannot demonstrate that his attorney's conduct with respect to any plea offer was objectively unreasonable.

Schulte next claims ineffectiveness in counsel's failure to "use" Schulte's alibi witnesses. As the district court correctly concluded, the alibi testimony as to the July 13 theft would have been cumulative and Schulte admitted being present at the other thefts. Accordingly, Schulte's counsel was not ineffective for failing to call these witnesses.

Finally, Schulte claims counsel was ineffective for failing to subpoena a Roanoke FBI agent present at his booking, and allegedly attending a social dinner with the trial judge during his trial. Schulte did not present these claims to the district court, and therefore, absent plain error, or a miscarriage of justice, we will not consider them. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). There is no evidence in the record, save Schulte's conclusory assertions, to support either of these claims.

Accordingly, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4