OPINION
PER CURIAM:
I.
In 1996, Rodney Robinson pled guilty to conspiracy to possess a controlled substance with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). Robinson was sentenced to 86 months imprisonment and 60 months of supervised release.
Robinson completed his prison term and began his supervised release on September 25, 2001. In November 2001, the district court modified and continued Robinson’s supervised release in response to a motion for revocation.
On March 20, 2003, Robinson’s probation officer filed a motion for revocation of the supervised release. The motion alleged that Robinson had violated the terms of his release by: (1) criminal conduct evidenced by his being charged in a North Carolina court with possession with intent to sell and deliver marijuana, resisting arrest, and assault on a police officer; (2) possessing 6.4 grams of marijuana; and (3) failing to notify his probation officer of his arrest for marijuana possession. All of the violations arose out of the same incident.
The Supervised Release Violation Worksheet prepared by the probation officer indicated that Robinson had, inter alia, committed the violation of “[possessing a controlled substance,” a Grade A offense, and that Robinson’s criminal history category was VI. J.A. 23. The worksheet indicated an imprisonment range of 33 to 36 months.
On May 7, 2003, a revocation hearing was held. Robinson admitted that he had *391 possessed marijuana and resisted arrest, but denied that he had possessed the marijuana with the intent to distribute it.
Robinson presented mitigation evidence and asked that he be sentenced at the bottom of the guideline range for a Grade C violation.
The government contended that Robinson had actually been charged with possession with the intent to sell marijuana but pled down to simple possession, and noted that the arresting police officer was present. The government noted that in addition to 6.4 grams of marijuana, the officer had found scales in Robinson’s car at the time of his arrest. The court asked the government, “[sjcales were found in the car?” J.A. 28. The government replied,”[t]hat is correct.” Id.
Defense counsel told the court that 6.4 grams of marijuana would subject Robinson to a maximum of twenty days imprisonment in state court.
The court ruled that Robinson had “violated the terms and conditions of his judgment by engaging in criminal conduct, possessing a controlled substance, and failing to notify his probation officer within 72 hours of being arrested or questioned by law enforcement.” J.A. 28. Robinson’s supervised release was revoked and he was committed to the custody of the Bureau of Prisons for a period of thirty-three months.
II.
Appellate review of a sentence imposed under the Sentencing Guidelines is limited to a determination of whether it is “either ‘in violation of law ... or as a result of an incorrect application of the sentencing guidelines.’ ” United States v. Sheffer, 896 F.2d 842, 844 (4th Cir.1990) (quoting 18 U.S.C. § 3742(e)). The district court’s findings during sentencing should be based on a preponderance of the evidence. Id. (citing United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir.1989); United States v. Vinson, 886 F.2d 740, 741 (4th Cir.1989)). The appellate court should “ ‘give due regard to the opportunity of the district court to judge the credibility of witnesses, and [must] accept the findings of fact of the district court unless they are clearly erroneous.’ ” Id. (quoting 18 U.S.C. § 3742(d)) (alteration in original).
The use of the Grade A violation guidelines was supported by evidence that Robinson had pled guilty to possession of drug paraphernalia and the government’s proffer that scales had been found in Robinson’s car at the time of his arrest. Robinson did not object or assert that the proffer was untrue, and did not seek to examine the arresting officer. Id. Under these circumstances the sentencing court was under no constitutional duty to require the government to present witnesses to support its proffer. United States v. Emanuel, 869 F.2d 795, 796 (4th Cir.1989). The sentence imposed by the district court was supported by a preponderance of the evidence and is

AFFIRMED.