**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ralph R. MILLER,
Defendant–Appellant.**

**No. 88–6533.**

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 27, 1989.

Decided April 5, 1989.

Ralph R. Miller, pro se.

Joseph Francis Savage, Jr., Office of the U.S. Atty., for plaintiff-appellee.

Before RUSSELL, HALL, and PHILLIPS, Circuit Judges.

PER CURIAM:

Ralph R. Miller appeals from the district court's denial of three motions seeking various forms of relief with respect to the sentence imposed pursuant to his plea of guilty to one count of possession with intent to distribute cocaine.[1] 21 U.S.C. § 841(a)(1). The district court denied all relief. We affirm, with one modification.

Miller sought correction of an alleged error in his presentence report, taking issue with a statement attributed to coconspirator Joseph A. Channell to the effect that Channell and Miller had run two kilos of cocaine through Huntington, West Virginia, during the past year. The district court denied relief, noting that Miller had challenged this statement at sentencing and the court had indicated that it would not consider the statement in imposing sentence. The court further noted that it had indicated the basis for Miller's objection in a form attached to Miller's presentence report.

 We agree with the district court that it complied with Fed.R.Crim.P. 32(c)(3)(D) by stating that it would not take the controverted matter into account in imposing sentence. The Rule specifically authorizes this alternative to a finding on the truth of the allegation. *See United States v. Hill,* 766 F.2d 856, 858 (4th Cir.), *cert. denied,* 474 U.S. 923, 106 S.Ct. 257, 88 L.Ed.2d 263 (1985). We disagree, however, with the court's conclusion that the form attached to the presentence report complied with the Rule's requirement that the court's findings on the controverted matter or its determination not to consider the matter in sentencing "be appended to and accompany any copy of the presentence investigation report thereafter made avail-

able to the Bureau of Prisons or the Parole Commission." Fed.R.Crim.P. 32(c)(3)(D).

The form to which the district court referred (Form AO–235, "Report on Committed Offender") contained the following response to a question concerning the defendant's relative culpability if the case was one with multiple defendants:

> This was a defendant singly indicted. The pre-sentence report indicates that a Joseph A. Channell and the defendant were equally involved; however, Channell's whereabouts are unknown, I understand, and he has not been indicted.

While we agree that this response indicates a basis for discounting statements in the presentence report attributed to Channell, the form does not make clear that the district court determined not to take the controverted statement regarding the two kilos of cocaine into account at sentencing. Although the appending requirement is ministerial in nature, *Hill, supra,* at 859, it "reduces the likelihood of later decisions being made on the basis of improper information" by providing "a clear record of the disposition and resolution of controverted facts in the presentence report." *United States v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir.1986).[2]

Because we do not believe the existing form achieves the clarity intended by the Rule, we remand for the district court to reduce its determination to writing and to direct the probation officer to attach the written determination to the presentence report and furnish both to the Bureau of Prisons and the Parole Commission. *See United States v. Gattas,* 862 F.2d 1432 (10th Cir.1988); *Poor Thunder v. United States,* 810 F.2d 817, 826 (8th Cir.1987).

 In addition to his motion seeking correction of his presentence report, Miller filed a motion asking the district court to direct the Bureau of Prisons to award him jail credit of 104 days. The district court

---

1. Miller filed his motions five months after entry of judgment. Although he did not indicate under what authority he sought relief, we assume that he sought to invoke the sentencing court's jurisdiction under 28 U.S.C. § 2255.

2. In *Eschweiler,* the court pointed out that the absence of a written determination that the contested matter would not be taken into account in sentencing "could attest to the veracity of the disputed facts when a finding of veracity was never made." 782 F.2d at 1391.

correctly held that it was without jurisdiction to grant such relief. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. *See United States v. Brown,* 753 F.2d 455 (5th Cir.1985).

 Finally, Miller sought an order modifying the dismissal of the counts dismissed pursuant to the plea agreement to reflect that they were dismissed with prejudice. The district court properly denied this relief based upon the Supreme Court's decision in *Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987).

Accordingly, we remand for appending of the district court's written determination under Fed.R.Crim.P. 32(c)(3)(D) and, with that modification, affirm the order of the district court denying relief. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.

REMANDED and AFFIRMED as MODIFIED.