900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Reed MARTINDALE, III, Defendant-Appellant.
 No. 88-7250.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1990.
Decided March 20, 1990.
Rehearing and Rehearing In Banc Denied June 20, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR No. 84-161-A).
 Walter Reed Martindale, III, appellant pro se.
 Justin W. Williams, Office of the United States Attorney, for appellee.
 E.D.Va.
 REMANDED AND AFFIRMED AS MODIFIED.
 Before DONALD RUSSELL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Walter Reed Martindale appeals the order of the district court denying his motion for reduction of sentence under Fed.R.Crim.P. 35(b), and his motion for resentencing and for correction of his presentence report under Rule 32(c).[1] The district court denied the motion to reduce the sentence under Rule 35(b) without comment. The court also denied the motion for resentencing for violations of Rule 32. The court observed that it had inquired of defense counsel, in Martindale's presence, as to whether the presentence report had been reviewed by them and whether there were any corrections, and had stricken from the presentence report the only matter controverted by counsel. The court concluded, therefore, that it had complied with Rule 32. With one modification, we affirm.
 
 
 2
 Martindale's motion to reduce his sentence was properly denied. The motion to reduce was not filed within 120 days of the Supreme Court's October 6, 1986, denial of certiorari in Martindale's direct appeal. Fed.R.Crim.P. 35(b). Consequently, the district court was without jurisdiction to consider the motion.[2]
 
 
 3
 This Court has held that a defendant waives most nonconstitutional Rule 32 errors by failing to raise them on direct appeal. United States v. Emanuel, 869 F.2d 795 (4th Cir.1989). The exception to the rule announced in Emanuel is that the district court's failure to append findings about disputed portions of the presentence report can be raised in a Sec. 2255 motion. See United States v. Miller, 871 F.2d 488 (4th Cir.1989). Although a sentence imposed on the basis of materially false information is illegal and of constitutional dimension, see Townsend v. Burke, 334 U.S. 736 (1948), in order to establish a due process violation the defendant must show both that the challenged information is false, and the false information was relied on by the court in sentencing. United States v. Lewis, 880 F.2d 243, 246 (9th Cir.1989). See also United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986); United States v. Garcia, 693 F.2d 412 (5th Cir.1982).
 
 
 4
 Martindale has failed to meet this burden. Most, if not all, of Martindale's objections to the presentence report are non-constitutional errors which were not raised in his direct appeal and, therefore, not reviewable under Emanuel. Martindale's major objection to the report concerns repeated references to "murder" and "kidnapping." Martindale contends that these references are inaccurate and improperly part of the report because he was not convicted of either offense, and alleges that his counsel was ineffective for failing to have the references removed. Martindale's objections appear to be little more than an attempt to reassert the theory of defense that he relied on in his trial. It is clear from the transcript of the sentencing hearing that the district court ruled on the only objection raised by counsel to the presentence report--a reference on page 12 of the report to "hitmen." Consistent with Rule 32 the court ordered that the reference be stricken from the report. Counsel raised no other objections to the report. Moreover, when Martindale was given the opportunity to address the court he failed to raise any additional objections to the report.
 
 
 5
 Where the defendant fails to specifically contest the contents of the presentence investigation report the requirements of Rule 32(c)(3)(D) do not come into play. See United States v. Aleman, 832 F.2d 142, 145 (11th Cir.1987) ("[C]hallenges to the PSI must assert with specificity and clarity each factual mistake of which defendant complains. Only then is the district court obliged to follow the procedures set out by Rule 32(c)(3)(D) as to a finding or determination and as to written documentation concerning the resolution of the dispute."). Although counsel noted the adverse impact of the language referring to murder and kidnapping he did not object to that language in the report. Instead, counsel urged the court to consider, in determining the length of sentence, the impact that the language would have on Martindale's chances for parole. In any event Martindale has not shown that the references to murder and kidnapping in the presentence report were materially false or that they were improperly part of the report. Martindale was convicted of counts 1 and 9 of the indictment. Both counts contained references to the alleged conspiracy to commit murder. Moreover, there was evidence offered at trial concerning kidnapping and conspiracy to murder. The mere fact that Martindale was acquitted of another count containing a reference to the murder conspiracy did not require the court to remove all such references in other parts of the report, or prohibit the court from considering the evidence at sentencing. See United States v. Bernard, 757 F.2d 1439 (4th Cir.1985) (court may consider at sentencing evidence introduced at trial on counts of which defendant acquitted and matters not admissible at trial).
 
 
 6
 The question remains, however, whether Martindale is entitled to any relief on his claim that the district court failed to comply with the requirement of Rule 32(c)(3)(D) that a written record of the court's findings and determinations be appended to the report made available to the Bureau of Prisons and Parole Commission. Martindale alleges that the references to "hitmen" which were ordered stricken by the court, contained on page 12 of his presentence report, have not been stricken.
 
 
 7
 Accordingly, we remand for the district court to reduce to writing its determination that the references to "hitmen" should be stricken from the report and to direct the probation officer to attach the written determination to the presentence report and furnish both to the Bureau of Prisons and the Parole Commission. See United States v. Miller, 871 F.2d 488, 489 (4th Cir.1989). With that modification, we affirm the order of the district court in all other respects.[3] We grant the motion to supplement the record, deny the motion for appointment of counsel, and dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 REMANDED AND AFFIRMED AS MODIFIED
 
 
 [1]
 At the outset we note that Rule 32 does not provide a district court with independent jurisdiction to consider a post-judgment challenge to a sentence. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557 (11th Cir.1987); United States v. Ursillo, 786 F.2d 66 (2d Cir.1986); United States v. Williams, 618 F.Supp. 1419 (E.D.Va.1985), aff'd, 785 F.2d 306 (4th Cir.1986). Martindale's motion may only be considered as a motion to correct an illegal sentence or as a motion to vacate or correct sentence under 28 U.S.C. Sec. 2255. See Andrews v. United States, 373 U.S. 334, 338 (1963) (adjudication on underlying merits of claim is not hampered by reliance upon whether petitioner labeled pleading as being brought under Rule 35 or Sec. 2255)
 
 
 [2]
 The fact that the Rule 35(b) motion was filed within 120 days after Martindale's unsuccessful motion for a new trial does not afford a basis for accepting jurisdiction
 
 
 [3]
 Notwithstanding the limited construction of the Rule 32 motion as a motion under Sec. 2255 in order to acquire jurisdiction over this appeal, we decline to consider the allegations of ineffective assistance of counsel. Because such allegations often require a hearing they should be brought in the first instance in the district court in a properly designated Sec. 2255 motion. There is no basis in this record to conclude that the district court considered anything other than the question of whether it properly complied with Rule 32. The disposition of the issue raised in this appeal is without prejudice to Martindale bringing a proper Sec. 2255 motion raising the ineffective assistance claim, and any other claim attacking his conviction