981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Clark SPEARS, a/k/a Jay, Defendant-Appellant.
 No. 92-6730.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 17, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.
 James Clark Spears, Appellant Pro Se.
 Patrick Michael Flatley, Assistant United States Attorney, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Clark Spears appeals from the district court's order refusing relief under 28 U.S.C. § 2255 (1988) and his motion to alter or amend the court's order. Our review of the record and the district court's opinion discloses that this appeal is without merit and that there was no abuse of discretion. Accordingly, we affirm on the reasoning of the district court.* United States v. Spears, Nos. CR-88-201, CA-92-17-E (N.D.W. Va. Apr. 22 and July 6, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Although it applied the proper analysis under 28 U.S.C. § 2241 (1988), the district court inadvertently termed Spears's claim challenging the Attorney General's calculations of jail credit a § 2255 motion. Section 2241 is the appropriate procedural vehicle for petitions challenging the execution rather than the legality of the sentence imposed. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). So construed, dismissal for lack of jurisdiction would still be appropriate, because a § 2241 petition must be brought in the district of the petitioner's confinement which, in this case, is Memphis, Tennessee. Id. at 490. Although the court ruled correctly, that lack of jurisdiction obviated the need to consider Spears's failure to exhaust fully the Administrative Remedy Procedure outlined in 28 C.F.R. § 542.15 (1992). See Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985); see also United States v. Wilson, 60 U.S.L.W. 4244 (U.S. 1992) (initial determination of jail credit to be made by Attorney General)