25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff Appellee,
v.
Troy CHERRY, Defendant Appellant.
 No. 94-6142.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 21, 1994.
Decided May 19, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-88-202-A, CA-93-1308-AM)
 Troy Cherry, appellant pro se.
 Debra Strauss, Office of the United States Atty., Alexandria VA; Kristna Lynn Ament, United States Department of Justice, Washington, DC, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order dismissing without prejudice his 28 U.S.C. Sec. 2255 (1988) motion. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm the district court.* United States v. Cherry, Nos. CR-88-202-A; CA-93-1308-AM (E.D. Va. Nov. 15, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Because Sec. 2255 is not applicable to attacks on the execution of a sentence, we construed Appellant's motion as a 28 U.S.C. Sec. 2241 (1988) petition. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir.1989). So construed, Appellant's claim should be dismissed for lack of jurisdiction because a Sec. 2241 petition must be brought in the district of the petitioner's confinement at the time of the filing of the petition which, in this case, was Florence, Colorado. Id. at 490. Although the district court ruled correctly, the lack of jurisdiction obviated the need to consider Appellant's failure to exhaust administrative remedies. See United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S.1992); Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985)