46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald KAUTZ, Defendant-Appellant.
 No. 93-7191.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 8, 1994.
Decided: January 9, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-89-12, CA-93-331)
 Ronald Kautz, Appellant Pro Se.
 John Douglas McCullough, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL, WILKINSON, and MICHAEL,
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Kautz appeals the district court's order denying his motion under 28 U.S.C. Sec. 2255 (1988). Kautz challenges his conviction of escape from federal custody, alleging that he pled guilty on the expectation that he would be returned immediately to state custody. Because his return was delayed almost three months, Kautz alleges that his guilty plea is invalid. As to this claim, we affirm on the reasoning of the district court.* United States v. Kautz, Nos. CR-89-12, CA-93-331 (E.D.N.C. Oct. 13, 1993).
 
 
 2
 Kautz's remaining claims attack the computation and execution of his sentence. These claims are not cognizable under Sec. 2255, but must be brought under 28 U.S.C. Sec. 2241 (1988). United States v. Miller, 871 F.2d 488, 489-90 (4th Cir.1989). Jurisdiction for a Sec. 2241 claim is in the court with jurisdiction over the petitioner's custodian. 28 U.S.C. Sec. 2241 (1988); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973); Miller, 871 F.2d at 490. At the time he filed this motion, Kautz was confined in Ashland, Kentucky; he was later transferred to Fairton, New Jersey. Therefore, the district court in North Carolina was without jurisdiction to grant summary judgment to the Government on Kautz's claims regarding sentence execution and computation. Accordingly, these claims must be dismissed without prejudice. Kautz may file these claims in the appropriate court if he desires.
 
 
 3
 Accordingly, we affirm the district court's grant of summary judgment on Kautz's claim that his plea was invalid. We vacate the grant of summary judgment on his remaining claims (regarding sentence execution and computation) and remand to the district court with directions to enter an order dismissing these claims without prejudice. We deny Kautz's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS
 
 
 
 *
 Upon review, we conclude that the district court's failure to provide Kautz with notice of the Government's motions to dismiss or for summary judgment, see Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975), is harmless error. See Fed.R.Civ.P. 61