**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 97-4160

HUMBERTO DEJESUS GARCIGA,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-91-52)

Submitted: February 3, 1998

Decided: February 19, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas W. Kenyon, Albert Diaz, HUNTON & WILLIAMS,
Raleigh, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Christine Witcover Dean, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1991, Humberto DeJesus Garciga was found guilty after a jury trial of conspiracy to distribute and to possess with intent to distribute cocaine, LSD, and other controlled substances in violation of 21 U.S.C. § 846 (1994), and of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Garciga was tried with two of his seven co-conspirators, including his wife, Dalia Garciga.*

On appeal, Garciga contends that a variance existed between the conspiracy charged and the evidence adduced at trial. He contends that the evidence at trial at best proved the existence of two separate conspiracies, and was insufficient to prove the single conspiracy charged in the indictment. Garciga also claims that the district court erred in refusing to give the requested instruction on multiple conspiracies, and that it erred by failing to append to Garciga's presentence investigation report its written findings regarding Garciga's challenge to the amount of cocaine for which he was held responsible, in compliance with Fed. R. Crim. P. 32(c)(3)(D).

I.

The standard of review for sufficiency of the evidence is de novo, and the court must consider the evidence in the light most favorable to the government. See United States v. Burgos , 94 F.3d 849, 862 (4th

_____

*In 1996, Garciga filed a motion to vacate his sentence under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), contending that his trial counsel had failed to file an appeal as requested by Garciga. In accordance with United States v. Peak, 992 F.2d 39 (4th Cir. 1993), the district court vacated the judgment entered in 1992 and reinstated the same judgment to allow Garciga to appeal. Garciga timely appealed from the reinstated judgment.

Cir. 1996) (in banc), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). If "`any rational trier of fact could have found the essential elements of the crime [charged] beyond a reasonable doubt,'" then the verdict must be upheld. See United States v. Johnson, 54 F.3d 1150, 1153 (4th Cir. 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Here, the evidence showed that Garciga was part of a conspiracy involving the sale and distribution of both cocaine and LSD. Garciga began distributing cocaine with co-conspirator Crescencio Velasquez in 1985. Garciga also sold cocaine on a regular basis to co-conspirator Hector Leones, who in turn distributed the cocaine in Florida, Georgia, and North Carolina. Leones was also involved in distributing LSD, heroin, and diet pills with several other co-conspirators.

Garciga also sold cocaine to co-conspirator Richard Flores. Through 1987, Flores bought cocaine from Garciga once or twice monthly, which he then delivered to Leones and co-conspirator Robert Seay. Phone records showed that both Flores and Leones had extensive contact with co-conspirator Lonnie Edsell Spell, who in turn had extensive contact with named co-conspirator Carland Ray Davis. Testimony also established that Leones was involved in dealing cocaine with Seay, Spell, Davis, and the remaining named co-conspirator, Maurice Jackson.

Overall, the evidence established that Garciga regularly sold cocaine directly to Leones and Flores, who in turn distributed it to Seay, Jackson, Davis, and Spell. Leones and Seay also dealt in diet pills and LSD. Thus, there was ample evidence to support a finding that Garciga was part of the one, overall conspiracy charged in the indictment. Garciga need not have had direct contact with all of the co-conspirators to support a finding that he was involved in the overall single conspiracy. See Johnson, 54 F.3d at 1154 (holding that evidence supported finding of single conspiracy even though principals did not know each other or had minimal contact with each other); United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). Likewise, Garciga need not have dealt directly in all of the controlled substances in which the conspiracy dealt to be found part of the conspiracy. See United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993).

3

Further, even assuming that the evidence supported the existence of multiple conspiracies, the court's failure to give a jury instruction on multiple conspiracies is not reversible error. Garciga contends that he was involved only with Leones and Flores in distributing cocaine. However, the evidence showed that Leones and Flores both dealt directly with Spell, Jackson, Davis, and Seay. Thus, there was substantial evidence that the separate Garciga-Leones-Flores conspiracy, which Garciga contends existed, was closely related to the overall conspiracy charged by virtue of Leones' and Flores' relationship with the other co-conspirators. See United States v. Kennedy, 32 F.3d 876, 884 (4th Cir. 1994). Accordingly, the failure to give a multiple conspiracy instruction is not reversible error. See United States v. Howard, 115 F.3d 1151, 1157 (4th Cir. 1997); Kennedy, 32 F.3d at 884.

II.

During the sentencing hearing, a dispute arose over the amount of cocaine for which Garciga should be responsible. The PSR claimed that over 200 kilograms of cocaine were channeled through Leones over the course of the conspiracy, although Garciga's counsel argued that the actual amount was far less. The court declined to resolve this dispute, concluding that the amount of cocaine distributed by the conspiracy was not relevant for sentencing purposes. However, the court did not append a written record of this determination to Garciga's PSR.

Federal Rule of Criminal Procedure 32(c)(3)(D) requires that the district court make a finding as to a disputed allegation or determine that no such finding is necessary because the controverted matter will not be considered during sentencing. Here, the district court acted within its discretion by declining to rule on the controversy between the parties regarding the amount of cocaine distributed by the conspiracy. See United States v. Miller, 871 F.2d 488, 489 (4th Cir. 1989). However, Rule 32 also requires that the district court append to the PSR a written record of its determination that no findings are necessary. See Fed. R. Crim. P. 32(c)(3)(D). The district court did not attach to the PSR a written record of its determination that no findings were necessary on the amount of cocaine distributed by the conspiracy. We therefore remand the case for the limited purpose of attach-

4

ment of the district court's determination to the PSR. <u>See United States v. Daniel</u>, 3 F.3d 775, 780 (4th Cir. 1993).

Accordingly, Garciga's conviction and sentence are affirmed. We remand for the limited purpose of attachment of the district court's written findings to the PSR under Fed. R. Crim. P. 32(c)(3)(D). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>

5