**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6649**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

         versus

JAMES VERNON HARRIS,

                              Defendant - Appellant.

---

**No. 00-7599**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

         versus

JAMES VERNON HARRIS,

                              Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (CR-96-23, CA-00-751-3-17)

---

Submitted: March 23, 2001          Decided: April 16, 2001

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

No. 00-7599 affirmed and No. 00-6649 dismissed by unpublished per curiam opinion.

_____

James Vernon Harris, Appellant Pro Se.  Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 00-7599, James Vernon Harris appeals the district court's order denying relief on his motion filed pursuant to 28 U.S.C. § 2241 (1994) for failure to exhaust his administrative remedies, see Harris v. United States, Nos. CR-96-23; CA-00-751-3-17 (D.S.C. Oct. 2, 2000), and the district court's order denying his motion for bail pending appeal in No. 00-6649, see Harris v. United States, Nos. CR-96-23; CA-00-751-3-17 (D.S.C. Mar. 31, 2000).

To the extent that Harris seeks to challenge the computation of his sentence through a § 2241 petition, he must first exhaust administrative remedies. United States v. Wilson, 503 U.S. 329, 334-37 (1992). While Harris claims he has attempted to seek administrative redress, there is nothing in the record demonstrating he has done so. To the extent that Harris seeks to challenge the validity of his conviction or sentence, such a claim may only be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000). United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989).

Accordingly, we affirm the district court's order denying Harris' § 2241 petition[*] (No. 00-7599). We deny the motion for a

---

[*] Because the district court found it was without jurisdiction to consider Harris' claim for credit for time served because Harris failed to exhaust his administrative remedies and failed to show the futility in failing to so exhaust, our affirmance is without prejudice to Harris' right to re-file his petition upon exhaustion

3

certificate of appealability as unnecessary and dismiss as moot Harris' appeal of the district court's order denying his motion for bail pending appeal (No. 00-6649) based on our determination that Harris' underlying appeal is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 00-7599 – <u>AFFIRMED</u>

No. 00-6649 – <u>DISMISSED</u>

_____

or upon a showing of futility in attempting to exhaust his admin-istrative remedies.

4