**UNITED STATES of America**

**v.**

**Nerika Lakisha JENKINS, Defendant.**

**No. 3:95CR00066.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

April 2, 2008.

with the EEOC until July 10, 2007. (Docket

R. Andrew Bassford, Assistant United States Attorney, Roanoke, VA, for United States.

Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, VA, for Defendant.

### OPINION AND ORDER

JAMES P. JONES, Chief Judge.

By Order of March 5, 2008, the defendant was granted a reduction in sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000). Her sentence, imposed in 1997 following her conviction for conspiracy to distribute crack cocaine, was reduced from 230 months imprisonment to 151 months. An estimate by the probation office of this

No. 8 at 2.)

court indicated that such a reduction would likely result in the defendant's immediate release, because she had been in federal custody since July 1997. While the court accordingly indicated to the parties that it intended to reduce the sentence to time served, the court's Order, effective March 15, 2008,[1] properly reduced the sentence to 151 months "[b]ut not less than time served." [2]

Unfortunately, when March 15 came, the defendant was not released. It appears that the Bureau of Prisons has calculated her good time credit in such a way as to delay her projected release date to July 14, 2008.[3] The defendant has now filed a Motion to Modify Judgment, seeking to have her sentence further reduced to time served, rather than 151 months.

While I understand the defendant's disappointment and frustration in not being immediately released, particularly after the court indicated such an intention, I find that I do not have the authority to further reduce her sentence.

Under the present circumstances, this court is limited to a reduction "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(2); *see United States v. Ayala*, 540 F.Supp.2d 674, 675–76, 2008 WL 360957, at *1 (W.D.Va.2008). The Sentencing Commission has limited the retroactive reduction of sentences under § 3582(c)(2) to the minimum of the amended guideline range. U.S. Sentencing Guideline Manual ("USSG") § 1B1.10(b)(2)(A) (Supp. effective Mar. 3, 2008). The defendant's reduction in sentence was to the minimum of the amended guideline range for her crime.[4]

By statute, the Bureau of Prisons calculates a prisoner's release date,

---

1. The Bureau of Prisons has requested that in all cases where it is anticipated that a reduction under § 3582(c)(2) will result in immediate release, the reduction be delayed by the court for at least ten days, in order to allow the Bureau to adequately prepare for the release. *See* Letter from Harley C. Lappin, Director, U.S. Bureau of Prisons, to Hon. Julie E. Carnes, Chair, Committee on Criminal Law, U.S. Judicial Conference (Feb. 13, 2008).

2. In order to preclude any question that a defendant who is subject to immediate release may have a claim to credit for allegedly "over-served" time against any later revocation sentence, the Department of Justice has suggested that any sentence reduction include a provision that in no event shall the reduced term of imprisonment be less than the term already served. *See* Letter from Harley C. Lappin, Director, U.S. Bureau of Prisons, to Hon. Julie E. Carnes, Chair, Committee on Criminal Law, U.S. Judicial Conference (Mar. 10, 2008).

3. It is generally understood that an inmate may reduce her sentence by up to 15% by earning good conduct time. This is gleaned from a statute which instructs the Bureau of Prisons that it may credit an inmate with up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C.A. § 3624(b)(1) (West 2000). If 54 (the potential good conduct time) is divided by 365 (the number of days in the year), the result is 14.79%. The Bureau of Prisons, however, has interpreted this statute in such a manner that an inmate may only reduce her sentence by up to 13%. *See* U.S. Dep't of Justice, *Legal Resource Guide to the Federal Bureau of Prisons* 14 (2008) ("[Section] 3624(b) allows 54 days of credit 'at the end of each year of the prisoner's term of imprisonment.' This does not mean that inmates serve only 311 days for every year of imprisonment imposed. Rather, inmates serve 365 out of 419 days (365 + 54 = 419) of the sentence.").

4. Effective November 1, 2007, the Sentencing Commission amended the Drug Quantity Table at USSG § 2D 1.1 so that crack cocaine quantities were generally lowered by two levels. *See* USSG app. C, amends. 706, 711 (Supp.2007). Under the amended guidelines, the defendant had a Total Offense Level of 34, resulting in an imprisonment range of 151 to 188 months.

including good time credit toward the sentence. *See* 18 U.S.C.A. §§ 3585, 3624 (West 2000). Any judicial review of the computation of credit against a sentence must be made, not by the sentencing court, but by habeas petition in the district where the inmate is confined. *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir.1989). The defendant is not confined in this district and judicial review of the calculation of her sentence is not available in this court.

For these reasons, it is **ORDERED** that the Motion to Modify Judgment is DENIED.