**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4563**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

TERRYL OMAR JOHNSON, a/k/a Jamaican Kirk, a/k/a Marlon
Ricardo Johnson,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:06-cr-00044-JPB-1)

Submitted:  January 26, 2009      Decided:  March 13, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Brian C. Crockett, Assistant Federal Public Defender,
Martinsburg, West Virginia, for Appellant.  Thomas Oliver
Mucklow, Assistant United States Attorney, Martinsburg, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terryl Omar Johnson pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute 2.26 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Johnson to a 151-month term of imprisonment. On appeal, Johnson's counsel has filed an Anders[1] brief, noting that there are no meritorious issues for appeal, but questioning the reasonableness of Johnson's sentence. Johnson has filed a pro se supplemental brief raising several issues. The Government has moved to dismiss the appeal based on Johnson's waiver of appellate rights. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a

_____

[1] Anders v. California, 386 U.S. 738 (1967).

2

question of law that we review de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Johnson knowingly and voluntarily waived the right to appeal his sentence.  Moreover, the sentencing claim Johnson's counsel raises on appeal falls within the scope of the waiver.  We therefore grant the Government's motion to dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Johnson's conviction that may be revealed by our review pursuant to Anders.  Thus, we have reviewed the entire record in this case and have found no meritorious issues not covered by the appeal waiver.  Our review of the transcript of the plea colloquy leads us to conclude that the magistrate judge substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Johnson's guilty plea and that any omissions did not affect his substantial rights.  Critically, the magistrate judge and the district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Moreover,

none of the issues in Johnson's pro se supplemental brief raise meritorious issues for direct appeal.[2]

Accordingly, we affirm the judgment insofar as it relates to Johnson's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

[2] To the extent Johnson's pro se supplemental brief challenges the computation of his sentence by the Bureau of Prisons, this claim may be pursued in a petition under 28 U.S.C. § 2241 (2006), which is properly commenced in the federal district court for the district in which Johnson is confined. <u>See</u> <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989).