**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4218**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JING JING CHEN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00085-CCE-6)

———————

Submitted:  September 28, 2012    Decided:  December 13, 2012

———————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant. Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jing Jing Chen appeals from her convictions and forty-four month sentence imposed pursuant to her guilty plea to conspiracy to commit access device fraud and aggravated identity theft. On appeal, her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in imposing sentence. Chen filed a pro se supplemental brief, challenging her sentence on numerous grounds. After careful consideration of the record, we affirm.

Chen raises several claims that the district court miscalculated her Guidelines range. However, Chen did not object to her presentence report ("PSR"). Therefore, the district court was entitled to accept its factual determinations. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (in absence of an affirmative showing that information contained in PSR is unreliable, a district court is free to adopt the PSR's factual findings). Moreover, Chen's claims of error are not supported by the record.

Next, Chen claims that she was entitled to the application of the safety valve in 18 U.S.C. § 3553(f) (2006), presumably to reduce her identity theft sentence below the statutory mandatory minimum. However, the safety valve in this

subsection applies only to controlled substance offenses and, thus, is inapplicable to Chen's sentence.

Finally, Chen asserts that the U.S. Attorney's Office is improperly attempting to collect her restitution amount in full while she is still in prison in contradiction of the district court's judgment. However, any challenge to the execution of a sentence, rather than the sentence itself, must be brought pursuant to 28 U.S.C.A. § 2241 (West 2006 & Supp. 2012) in the district of confinement. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). As such, this claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We conclude that Chen's guilty plea was knowing and voluntary and her below-Guidelines sentence was reasonable. Accordingly, we grant Chen's motion to file an informal appendix and affirm her convictions and sentence. This court requires that counsel inform Chen in writing of her right to petition the Supreme Court of the United States for further review. If Chen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chen. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED