**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4254**
_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

JOHNATHAN J. STROUD,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:08-cr-00285-WO-1)

_____

Submitted:  September 25, 2014      Decided:  October 10, 2014

_____

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory S. Smith, LAW OFFICES OF GREGORY S. SMITH, Washington, D.C., for Appellant.  Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan J. Stroud appeals the district court's judgment and commitment order revoking his supervised release, ordering that he serve a sentence of twenty-four months' imprisonment with no further period of supervision, directing that the sentence run consecutively to any anticipated state sentence, and that he be given credit for part of the period of time he was in federal detention. We affirm.

Because Stroud did not object to the district court's decision that the revocation sentence run consecutively to any anticipated state sentence, review is for plain error. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Stroud must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." Id. at 640-41 (internal quotation marks omitted). Even if Stroud meets this burden, we retain discretion to choose whether to recognize the error and will deny relief unless the court's error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (internal quotation marks and alteration omitted). We find no error, much less plain error, in the district court's sentencing decision at issue. Setser v. United States, 132 S. Ct. 1463, 1468 (2012) (sentencing courts

2

have discretion to order a sentence to run consecutively to an anticipated state sentence).

Stroud also contends that the district court erred by ordering that he receive sentencing credit for a period of time he was in federal detention and that the court compounded the error by choosing the wrong date to commence credit. The computation of credit must occur after the defendant is sentenced. United States v. Wilson, 503 U.S. 329, 333 (1992). It is the Attorney General in the first instance who is responsible for computing sentencing credit for time in detention prior to sentencing. Id. at 334-35. If the Attorney General, through the Bureau of Prisons ("BOP"), does not give Stroud the sentencing credit he believes he deserves, he can seek an administrative remedy. See 28 C.F.R. § 542.10 (2014). If he is not satisfied with the result, he can file a petition under 28 U.S.C. § 2241 (2012). See Wilson, 503 U.S. at 336; United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). The court's decision to order a sentence and to give credit to Stroud for a period of time in federal detention prior to sentencing is without effect as the BOP will be determining how much credit Stroud should receive for the period he was detained prior to sentencing. "[T]he district court cannot perform the necessary calculation at the time of sentencing and [] the Attorney General, in implementing the defendant's sentence,

3

cannot avoid computing the credit." Wilson, 503 U.S. at 336. Thus, there is no reason to vacate the court's judgment and commitment order.

Finally, Stroud claims that counsel was ineffective because he received an unreasonable twenty-four month sentence. This claim is not ripe for review. Ineffective assistance of counsel claims are not cognizable on direct appeal unless the record conclusively establishes "that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To allow for adequate development of the record, ineffective assistance claims are, generally speaking, more appropriately pursued in a motion filed pursuant to 28 U.S.C. § 2255 (2012). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively show that counsel was ineffective, we will not review the issue.

Accordingly, we affirm the judgment and commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4