**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4724**

———————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

THOMAS LESLIE SNEAD, JR.,

           Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00053-CCE-2)

———————————

Submitted: September 20, 2016      Decided: October 5, 2016

———————————

Before GREGORY, Chief Judge, and WILKINSON and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Brian Michael Aus, Durham, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Leslie Snead, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Snead to 160 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Snead's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court procedurally erred in calculating Snead's criminal history category and in failing to give Snead credit in the criminal judgment for pretrial detention. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. Because Snead did not object in the district court to the procedural errors he raises on

appeal, our review is for plain error. <u>United States v. Moore</u>, 810 F.3d 932, 939 (4th Cir. 2016) (providing standard).

We conclude that the district court did not procedurally err in imposing Snead's sentence. Counsel first questions whether the court properly applied two points to Snead's criminal history score for having committed the instant offense while on probation. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4A1.1(d) (2014). Because Snead failed to object to the presentence report's factual findings that a codefendant began purchasing pseudoephedrine for him in 2012 or to object on the basis that he was only on probation until June 2012, the district court was entitled to accept the PSR's factual findings in applying the two points under § 4A1.1(d). <u>See</u> <u>United States v. Terry</u>, 916 F.2d 157, 162 (4th Cir. 1990) (holding that, in absence of affirmative showing that information contained in PSR is unreliable, district court is free to adopt PSR's factual findings).

Counsel next questions whether the district court erred in failing to credit Snead for pretrial detention. However, it is the Attorney General's obligation, not the district court's, to calculate such credit. <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992). Moreover, a federal prisoner must challenge the calculation of his sentence via the appropriate administrative

channels, and if necessary, in a habeas petition under 28 U.S.C. § 2241. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (per curiam).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Snead, in writing, of the right to petition the Supreme Court of the United States for further review. If Snead requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Snead.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED