UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4383

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

PERRY J. HAYWOOD, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:12-cr-00212-RWT-1)

Submitted:  January 30, 2017          Decided:  March 17, 2017

Before GREGORY, Chief Judge, and MOTZ and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nancy S. Forster, FORSTER, JOHNSON & LECOMPTE, Baltimore, Maryland, for Appellant.  Ray Daniel McKenzie, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Perry J. Haywood, Jr., pled guilty, pursuant to a written plea agreement, to possession of access device-making equipment with intent to defraud, in violation of 18 U.S.C. § 1029(a)(4) (2012) (Count 2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012) (Count 4). The district court sentenced Haywood to an aggregate term of 54 months' imprisonment, consisting of 30 months on Count 2 and a consecutive 24-month term on Count 4. In this appeal, which is taken pursuant to Anders v. California, 386 U.S. 738 (1967), counsel avers that there are no nonfrivolous issues but asks us to review the district court's loss determination and resulting four-level increase to Haywood's base offense level, and questions whether the district court violated the Ex Post Facto Clause by utilizing the 2015 edition of the U.S. Sentencing Guidelines Manual. Haywood has filed a pro se supplemental brief in which he raises essentially the same issues.* The Government has declined to file a response. For the reasons that follow, we affirm the judgment.

---

* To the extent Haywood's pro se supplemental brief also challenges the computation of his sentence by the Bureau of Prisons, this claim may be pursued in a petition under 28 U.S.C. § 2241 (2012), which is properly commenced in the federal district court for the district in which Haywood is confined. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51.

The lone procedural error claimed by Haywood pertains to the district court's determination of the applicable loss amount. We review such a determination for clear error. United States v. Jones, 716 F.3d 851, 859-60 (4th Cir. 2013).

When calculating the Guidelines range applicable to a fraud offense, the Government is required to establish the amount of loss by a preponderance of the evidence. See United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Special rules govern determinations of loss in cases like this, which involve stolen or counterfeit credit cards and access devices. USSG § 2B1.1 cmt. n.3(F)(i). In such cases, "loss includes any unauthorized

3

charges made with the counterfeit . . . or unauthorized access device and shall be not less than $500 per access device." Id. The term "access device" is defined by statute, in relevant part, to include "any card, plate, code, account number, electronic serial number, . . . or other means of account access that can be used, alone or in conjunction with another access device, to obtain money." 18 U.S.C. § 1029(e)(1) (2012).

Haywood, in his pro se supplemental brief, relies on the stipulated statement of facts proffered in conjunction with his plea agreement to suggest that there were only 28 account numbers involved in this offense, and thus that the intended loss amount was not more than $14,000. However, as counsel acknowledges in the Anders brief, the factual stipulation also recounted 48 plastic cards, each of which qualifies as an "access device," as well as several skimming devices. Even considering only the 48 cards -- as the district court did -- based on the $500-per-device minimum loss recommendation in USSG § 2B1.1 cmt. n.3(F)(i), this amounted to $24,000 in loss, which well supports application of the 4-level enhancement under USSG § 2B1.1(b)(1)(C). We thus discern no clear error in the district court's loss calculation and application of the resulting four-level enhancement.

Counsel's second issue in the Anders brief asks whether the district court ran afoul of the Ex Post Facto Clause by

utilizing the 2015 edition of the Sentencing Guidelines in determining Haywood's sentence. The record reveals that defense counsel sought application of this edition of the Guidelines because it was favorable to Haywood as it increased the minimum dollar amount necessary for the four-level enhancement under USSG § 2B1.1(b)(1)(C). The court acceded to counsel's request. Counsel does not identify, nor do we discern, any basis for the ex post facto claim pressed here. We thus reject this issue as meritless.

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious ground for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Haywood, in writing, of the right to petition the Supreme Court of the United States for further review. If Haywood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Haywood. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5